UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 5:04-CR-00594 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE ANN ALDRICH |
| ) | |
| MICHAEL D. CAMISCIONE, ) | |
| ) | |
| Defendant. ) | |
| ) | JUDGMENT AND ORDER |
| ) | |
| ) | |

Michael D. Camiscione pled guilty to possession of child pornography as part of a plea agreement on December 21, 2004. The Sentencing Guidelines suggested a sentence range of 27 to 33 months. On November 1, 2005, after hearings and psychological evaluations, this court sentenced Camiscione to the custody of the United States Marshal's Office for the remainder of the day followed by supervised release for a period of three years, and ordered him to perform 180 hours of community service. The government appealed this sentence as unreasonable.

The Court of Appeals for the Sixth Circuit found that, while the sentence was procedurally reasonable, it was not substantially reasonable because this court failed to address several factors deemed to be pertinent in this case.[1] *United States v. Camiscione*, 207 Fed.Appx. 631 (6th Cir. 2006).[2]

---

[1] "Although such a variance is not impermissible, the district court's failure to address several factors that we believe to be pertinent necessitates our finding that Camiscione's sentence was not substantially reasonable." *United States v. Camiscione*, 207 Fed.Appx. 631 (6th Cir. 2006).

[2] It should be noted that the Court of Appeals relied, in part, on *United States v. Davis*, 458 F.3d 491 (6th Cir. 2006) in determining that Camiscione's sentence was not substantially reasonable. The Supreme Court vacated and remanded *Davis* for further consideration in light of *Gall v. United States*, 128 S. Ct. 586 (2007).

The pertinent factors, included in 18 U.S.C. § 3553(a), are (1) the need for the sentence to adequately deter criminal conduct, (2) to protect the public from further crimes by the defendant, and (3) to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *Id*. Accordingly, the Court of Appeals vacated the sentence and remanded for resentencing.

Pursuant to the remand, this court held a sentencing hearing on February 6, 2008 and imposed the original sentence on Camiscione. In the time since the Court of Appeals remanded this case, the Supreme Court ruled in *Gall v. United States*, 128 S.Ct. 586 (2007), where the Court reviewed a sentence for reasonableness and sought to clarify the contours of sentencing law post *Booker*. There, the district court sentenced the defendant, Gall, to 36 months of *probation*, where a sentencing range of 30 to 37 months *imprisonment* was recommended. The Supreme Court reiterated that "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Id*. at 598 (citing *Koon v. United States*, 518 U.S. 81 at 113 (1996)). Further, "the Guidelines are not mandatory, and thus the 'range of choice dictated by the facts of the case' is significantly broadened. Moreover, the Guidelines are only one of the factors to consider when imposing sentence, and § 3553(a)(3) directs the judge to consider sentences other than imprisonment." *Id*. at 602.

This court takes very seriously the duty of a sentencing judge to evaluate each person as a unique individual, recognizing that a person's unfortunate circumstances may not fall neatly within the confining rubric of the formulaic sentencing table.

For this reason, sentencing judges are given considerable discretion to weigh and consider numerous individual factors because sentencing judges are in a "superior position to find facts and judge their import under 3553(a)."[3] *Gall*, 128 S. Ct. at 597 (quoting the Brief for Federal Public and Community Defenders et al. as *Amici Curiae* 16). The "judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Id*.

This court has carefully and extensively reviewed, considered, and weighed the nature and circumstances of Camiscione's offense,[4] the history and characteristics of Camiscione,[5] including his psychological and medical reports, and the need for the sentence imposed to reflect the seriousness of his offense,[6] promote respect for the law, and to provide just punishment for the offense.[7] As set forth below, this court has also considered whether the sentence imposed affords adequate deterrence to criminal conduct,[8] protects the public from further crimes of Camiscione,[9] and provides him with the needed medical care and correctional treatment.[10]

---

[3] See also *Rita v. United States*, 127 S. Ct. 2456, 2469 (2007) where the Court noted that the sentencing judge "has access to, and greater familiarity with, the individual case and the individual defendant before [her] than the . . . appeals court."

[4] 18 U.S.C. § 3553(a)(1)

[5] *Id*.

[6] 18 U.S.C. § 3553(a)(2)(A)

[7] *Id*.

[8] 18 U.S.C. § 3553(a)(2)(B)

[9] 18 U.S.C. § 3553(a)(2)(C)

[10] 18 U.S.C. § 3553(a)(2)(D)

Though the sentence imposed on Camiscione may appear "unusually lenient," this court has given serious consideration to the extent of the departure and, as explained below, is fully justified in this particular case.[11]

Camiscione's actions were improper and illegal. But the proper punishment is not always incarceration. Camiscione is 33 years old and lives with his mother. As a result of having epileptic seizures from the age of three, he was taunted and teased as a child and as a teenager, which greatly affected his schooling and mental and social development. He has had no real friends and has never dated a woman because he is too shy and frightened of rejection.[12] Prison sentences serve many reasons; however, Camiscione's lamentable case would not further any of those reasons and would only be made more tragic were this court to sentence him to prison.

The reasons that follow, in addition to those already stated during the prior sentencing, strongly support a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a) and to comport with the Court of Appeals remand order.

---

[11] In *United States v. Davis*, 458 F.3d 491, 496 (6th Cir. 2006), *vacated*, 128 S.Ct. 856 (2008) the court held that "when the district court independently chooses to deviate from the advisory guidelines range . . . , we apply a form of proportionality review: ' the farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in section 3553 (a)' must be." (Davis was remanded for further consideration in light of *Gall*). In *Gall v. United States*, 128 S. Ct. 586, 594 (2007), the Court held that while "it is also clear that a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain [her] conclusion that any unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications," the court rejects "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range."

[12] See the Presentence Report and the 17 page single spaced Butner diagnosis for a fuller personal history of Michael Camiscione.

**I.      PROTECTING THE PUBLIC**

The sentence imposed protects the public from further crimes by Camiscione. 18 U.S.C. § 3553(a)(2)(C). It is *most unlikely* that Camiscione will reoffend.

It is an old saying that "the best predictor of future behavior is past behavior." Camiscione has no prior criminal history; has never sold or distributed child pornography; has shown the court extreme remorse throughout this case;[13] has maintained employment; and has cooperated at every stage of this case, pleading guilty on a one-count information charge and not an indictment. Further, a report from the Butner Forensic Evaluation indicated that Camiscione is at **low risk** of acting out on impulses, has never improperly touched a child and he has committed no further violations since his residence was searched nearly six years ago. The Butner Forensic Evaluation states that Camiscione is "at low risk to act on these feelings [of pedophilia] in the future. The risk is low for several factors. Past behavior being the best indicator for future behavior, it is noteworthy that Mr. Camiscione has never perpetrated personally and physically a sexual act on a child or adolescent." The Butner Forensic Evaluation also noted that Camiscione's "mental status is stable, he does not report suicidal intent, and *does not appear to present imminent risk of harm to himself or others in any setting*." (emphasis added). Similarly, the report finds that Camiscione "has no antisocial or conduct disordered traits that would increase his risk . . . has no history of substance abuse that would also increase his risk" and finds that Camiscione is "capable of stable employment, has a stable living environment and significant social support from his family."

---

[13] Camiscione has become tearful when indicating his shame and embarrassment when attempting to explain his viewing of child pornography.

-5-

The evidence shows that Camiscione used his credit card to purchase 30-day memberships in child pornography websites between May and October 1999.  No evidence suggests that Camiscione ever bought child pornography after October 1999.  The federal search warrant was not issued until October 22, 2002.  It appears that Camiscione stopped purchasing child pornography *on his own* a full three years ***before*** the government ever investigated him.  In the nine full years that have passed since October 1999, there simply is no evidence to suggest that Camiscione has returned to purchasing or viewing child pornography.

During the search of his residence, Camiscione waived his rights, admitted to purchasing and downloading child pornography, and voluntarily provided a written statement to investigators.  Camiscione then decided *on his own volition* to remove all computers from his residence and to seek treatment for his viewing of child pornography, and he has been very compliant.  Camiscione sought treatment at the Center for Marital and Sexual Health, where he underwent a full evaluation and was diagnosed with Sexual Compulsivity disorder.  He then sought counseling from the Rehabilitation Center in Mansfield, Ohio, where he received treatment for six months.

It was not for another two years that the government filed an information against Camiscione.  In the two years between the search and the filing of the information, Camiscione took every step to determine the cause of his improper conduct and to seek treatment.  He has acknowledged his problem, admitted responsibility, and worked to get his life back on the right track – all before the government charged him with a crime.  By the time of his original sentence, Camiscione had made 88 appointments at the Center.

Camiscione does not pose a serious harm to the community. The very strict and numerous restrictions placed on Camiscione as part of his supervised release insure a sufficient level of protection for the community. As part of his supervised release, Camiscione:

1. Shall not associate or have verbal, written, telephonic or electronic communication with any person under the age of 18, except in the presence of the parent or legal guardian of the minor and on the condition that the defendant notifies that parent or legal guardian of his conviction in the instant offense;

2. Shall have is residence and employment approved by the probation officer and notify the officer of any change for approval;

3. Shall submit his person, residence, and possessions (including computers) to a warrantelss search conducted by the Probation Office;

4. Shall provide the Probation Officer with accurate information on his entire computer system (hardware/software); all passwords used by him and his Internet Service provider(s); and will abide by all rules of the computer Restriction and Monitoring Program;

5. Shall have an occupational conidition that he cannot be employed where he is a system administrator, computer installer, programmer, or "trouble shooter," for a computer equipment company; and

6. Shall perform 180 hours of community service.

These conditions prevent Camiscione from committing a further offense and adequately protect the public. Camiscione is well aware that any violation of any of these conditions would result in the revocation of his supervised release.

Therefore, this court finds that it is very unlikely that Camiscione will return to criminal behavior and is not a danger to society and the sentence imposed sufficiently protects the public from criminal acts by Camiscione. The court further finds that a lengthy prison sentence could do more harm than good to Camiscione and to society.

### II.     DETERRENCE

Similarly, the sentence imposed affords adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). For many of the same reasons that the sentence imposed protects the public, it also deters further criminal conduct (see above).

The restrictions on Camiscione's freedom as part of his supervised release are not insubstantial. These restrictions deter any improper computer activity and deter his association with individuals under 18 years of age. The professional treatment that Camiscione continues to receive as part of his supervised release requires him to develop a relapse prevention plan, which also serves as a deterrent. The goal of deterrence is achieved not only through imprisonment, but can also be achieved through "extensive counseling and treatment and an extensive period of supervised release, which itself contains substantial limitations on an individuals freedom." *United States v. Grossman*, 513 F.3d 592, 597 (6th Cir. 2008); *see also Gall*, 128 S.Ct. at 595-96.

The sentence should afford adequate deterrence, which must be proportional to the likelihood that Camiscione will reoffend. The facts, taken together, strongly suggest that Camiscione will not return to viewing child pornography and the sentence imposed is individually tailored to provide sufficient deterrence against future criminal action. Therefore, the sentence imposed properly takes this important factor into consideration and deters Camiscione from further criminal behavior.

**III.     SENTENCING DISPARITIES**

Finally, section 3553(a)(6) requires this court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Camiscione is very different from other defendants accused of the same or similar crimes.

A sentence of supervised release with strict conditions and continued medical and psychological treatment is a superior method of handling the uniqueness of this defendant. A term of imprisonment would do more harm than good not only for Camiscione, but for society at large. Camiscione never inappropriately touched a child, nor did he ever sell or distribute child pornography.

Doctor Robert L. Smith's psychological evaluation of Camiscione also concludes with a professional opinion similar to the Butner report that "with a reasonable degree of psychological certainty that Mr. Camiscione's cognitive and social impairments are ongoing and result in his being highly susceptible to being influenced and/or controlled by others. . . . Consequently, he would be vulnerable to being victimized [raped] in a prison environment."[14]

In addition to avoiding unwarranted sentences, this court must also consider the nature and circumstances of the offense and history of the defendant. This court has gone to great lengths to weigh these factors and has determined that they warrant a sentence outside the advisory Guidelines range.

This court acknowledged, and appropriately considered, the Guidelines range and does not easily disregard or devalue the advisory Guidelines. Indeed, the Guidelines are the "product of careful study

---

[14] Though not a factor relied upon, this court notes that the general prison population does not treat known pedophiles kindly. Camiscione is a helpless, shy and socially awkward man that does not belong in the general prison population. Because the only two facilities able to give Camiscione housing apart from the general prison population are full with a waiting list of about 12,000, he may continue to receive treatment and therapy during his supervised release. At last count, Butner has only 112 beds. *See* Statement of Dr. Hernandez, Director, Sex Offender Treatment Program, Federal Correctional Institution, Butner, N.C.

based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 128 S. Ct. at 594 (2007). However, that range is not a proper sentence for this *particular* defendant and his unique circumstances.[15]

**IT IS SO ORDERED.**

        /s/ Ann Aldrich
        ANN ALDRICH
        UNITED STATES DISTRICT JUDGE

**Dated: September 18, 2008**

---

[15] "Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Gall*, 128 S.Ct. at 599.